IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| MARISSA JENKINS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:10-cv-00633-AW |
| GAYLORD ENTERTAINMENT COMPANY, | * | |
| Defendant. | * | |

*************************************************************************

## MEMORANDUM OPINION

Pending before the Court is Plaintiff Marissa Jenkins's Motion for Leave to File an Amended Complaint ("Motion for Leave"). The Court has reviewed the motion papers and the record and finds that no hearing is necessary. For the reasons articulated below, the Court **DENIES** Plaintiff's Motion for Leave.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Marissa Jenkins is Filipino and Catholic. Jenkins worked for Defendant Gaylord Entertainment Company (Gaylord) at the Relache Spa as a retail specialist from June 25, 2008 to August 13, 2008. The Relache Spa is a division of the Gaylord National Resort & Convention Center located in National Harbor, Maryland. Jenkins alleges that the Spa Director, Nancy Guerrero, subjected her to repeated insults and discrimination based on her national origin and religion. For instance, Jenkins alleges that the Guerrero called her a "stupid ignorant Filipino" and that another supervisor, Devonne Robertson, prohibited her from keeping her rosary and a picture of Jesus on her desk.

On or about August 11, 2008 Jenkins met with a human resources manager to discuss her ongoing conflict with Guerrero. On August 13, 2008, Jenkins was suspended for five days, after which she was terminated from her position with Gaylord. Jenkins received her notice of right to sue on December 11, 2009.

Jenkins filed her Complaint on March 12, 2010. Doc. 1. The Court issued an initial scheduling order on April 28, 2010. Doc. 5. The initial scheduling order set the following deadlines: (1) amended pleading—June 11, 2010; (2) discovery—September 9, 2010; and (3) dispositive pretrial motions—October 12, 2010.  Gaylord failed to file any such dispositive pretrial motions.

On November 17, 2010, Gaylord filed a Motion for Extension of Time for Discovery and Dispositive Motions ("Time Extension Motion"). Doc. 10. In its Time Extension Motion, Gaylord argued that a misunderstanding with Jenkins's counsel caused it to miss these deadlines. Jenkins opposed Gaylord's Time Extension Motion.  The Court granted Gaylord's Time Extension Motion on April 27, 2011. Doc. 14. On the following day, the Court issued an amended scheduling order setting a discovery deadline of July 26, 2011. Doc. 15.

On July 6, 2011, Jenkins filed her Motion for Leave. Doc. 16. Jenkins urges the Court to allow her to amend her Complaint to add a charge of retaliation. Jenkins points to an email that Gaylord produced on May 5, 2011 in its set of responses to Jenkins's written discovery requests. Jenkins sent the email to Guerrero. Doc. 16-1 at 3. In the email, Jenkins states that she is "filing Discrimination as you are not helping me get through my transition here at Relache Spa." *Id.* Jenkins was fired two days later.

## II.     STANDARD OF REVIEW

Once the scheduling deadline to file an amended complaint has passed, the moving party must satisfy the two-prong test under Federal Rules of Civil Procedure 15(a) and 16(b)(4) in order for the court to grant leave to amend a pleading.  *See Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298–99 (4th Cir. 2008).  The threshold "good cause" standard of Rule 16(b)(4) must be met before the movant can satisfy the second prong.  *See id.* at 298.  If the movant satisfies Rule 16(b)(4), the movant then must pass the test for amendment under 15(a).  *See id.* at 298–99; *see also Daso v. Grafton Sch., Inc.*, 181 F. Supp.2d 485, 488 (D. Md. 2002).

Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The good cause requirement is met by showing that, despite diligence, the proposed claims could not have been reasonably brought in a timely manner.  *See Montgomery v. Anne Arundel County, Md.*, 182 Fed. App'x. 156, 162 (4th Cir. 2006).  The factors to be considered in discerning good cause are the "danger of prejudice to the non-moving party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith."  *Tawwaab v. Va. Linen Serv., Inc.*, 729 F. Supp.2d 757, 768–69 (citation omitted).

Once the movant has met the burden of showing good faith, the court's inquiry shifts to the standard under Rule 15(a) providing that a court should "freely give leave [to amend a pleading] when justice so requires."  Fed. R. Civ. P. 15(a).  Leave to amend a pleading should be denied only when "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or **the amendment would be futile**." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis added) (citation and internal quotation marks omitted).

**III.     LEGAL ANALYSIS**

The subsequent discussion shows that Jenkins's additional claim of retaliation fails for futility. The Court foregoes the two-step analysis because the Court would properly deny Jenkins's Motion for Leave under Rule 15(a) even if good cause existed to alter the scheduling order.  *See Daso*, 181 F. Supp.2d at 488 (skipping the two-step analysis because, on the ground of futility, the court would not grant the motion for leave even if good cause existed to modify the scheduling order). Rule 15(a) mandates liberal leave to amend pleadings except when the additional claim would be futile. Jenkins fails to meet the standard under Rule 15(a) because the additional claim of retaliation would be futile for failure to exhaust administrative remedies.  *See Miles v. Dell, Inc.*, 429 F.3d 480, 491–92 (4th Cir. 2005).

""Before a plaintiff has standing to file suit under Title VII, he must exhaust his administrative remedies by filing a charge with the EEOC.'"  *Id.* (quoting *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002)). "The exhaustion requirement ensures that the employer is put on notice of the alleged violations so that the matter can be resolved out of court if possible." *Id.* (citing *EEOC v. American Nat'l Bank*, 652 F.2d 1176, 1186 (4th Cir. 1981)). "While '[t]he EEOC charge defines the scope of the plaintiff's right to institute a civil suit,' '[a]n administrative charge of discrimination does not strictly limit a Title VII suit which may follow; rather, the scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination.'" *Id.* (quoting *Bryant*, 288 F.3d at 132). "In other words, '[i]f a plaintiff's claims in her judicial complaint are reasonably related to her EEOC charge and can be expected to follow from a

reasonable administrative investigation, the plaintiff may advance such claims in her subsequent civil suit.'" *Id.* (quoting *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247–48 (4th Cir. 2000)).

In *Miles*, the Fourth Circuit addressed a fact pattern functionally equivalent to the facts of this case. The plaintiff in *Miles* (Miles) filed a charge with the EEOC. *Miles*, 429 F.3d at 484. "On her charge form, she checked the box for sex discrimination, but not the box for retaliation." *Id.* at 484. In her narrative, Miles stated that her supervisor had "been hostile to her after finding out she was pregnant, that she complained of [her supervisor's] hostile attitude to [her supervisor's] supervisor . . . .'" *Id.* at 484–85. Miles also stated that "I believe I was discriminated against due to my sex (female) and (pregnancy)." *Id.* at 492.

On these facts, the district court granted summary judgment in favor of the employer on the basis that Miles's retaliation claim was not reasonably related to her EEOC charge. *See id.* at 491–92. The *Miles* court upheld the district court's decision. *Id.* at 492. In so holding, the *Miles* court relied on several factors. First, Miles failed to "check the retaliation box on her charge form, and the narrative explaining her charge made no mention of retaliation." *Id.* Second, although Miles's narrative stated that she complained to her supervisor's supervisor, "it does not state that she complained to him *about discrimination*." *Id.* Third, the charge did not state that Miles's supervisor "was aware that Miles had complained to his supervisor." *Id.* Additionally, the EEOC did not investigate retaliation in response to Miles's charge. *Id.* n.9. "In short, Miles' charge [did] not remotely allege that [her supervisor] retaliated against her because she had complained of his discriminatory conduct to his supervisor, and it [did] not otherwise allege facts that would have put [her employer] or the EEOC on notice that she was charging [her employer] with retaliation." *Id.*

5

One cannot meaningfully distinguish the facts in this case from those in *Miles*. Here, as in *Miles*, Jenkins failed to check the retaliation box on her charge form and the narrative explaining her charge made no mention of retaliation. *See* Doc. 22–3. Furthermore, although the charge states that Jenkins "approached human resources" about her "claims," the charge does not specify that Jenkins complained about discrimination, let alone retaliation. *See* Doc. 22–3 at 5. Furthermore, similar to *Miles*, Jenkins's charge fails to state that Guerrero was aware that Jenkins had complained to human resources. Finally, nothing in the record suggests that the EEOC investigated a claim of retaliation in response to Jenkins's charge. Accordingly, as the *Miles* court concluded, Jenkins's charge does not remotely allege that Gaylord retaliated against her because of her complaints about discrimination and nor does it otherwise allege facts that would have put Gaylord or the EEOC on notice that she was charging Gaylord with retaliation.

Jenkins failed to exhaust administrative remedies as to her retaliation claim and, hence, it fails for futility. For these reasons, it is improper for the Court to grant Jenkins leave to amend her complaint to add a retaliation charge.

### IV. CONCLUSION

In light of the foregoing, the Court **DENIES** Jenkins's Motion for Leave. A separate Order follows.

| December 22, 2011 | /s/ |
|---|---|
| Date | Alexander Williams, Jr.<br>United States District Judge |